UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAIVIONTAE TYRELL JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>MEGAN LEBERAK, ANN YORK, ALLISON PACH, KATARYNA KRAINYK, and TONYA WESNER,<br><br>      Defendants. | Case No. 24-CV-149-JPS<br><br><br><br>**ORDER** |

  Plaintiff, Daviontae Tyrell Johnson, a prisoner, brings this action under 42 U.S.C. § 1983 pro se. ECF No. 1. On April 3, 2024, pursuant to 28 U.S.C. § 1915A, the Court screened his complaint and identified which claims may proceed. ECF No. 9. Plaintiff proceeds on an Eighth Amendment claim against Defendants Leberak, York, Pach, Krainyk, and Wesner for their deliberate indifference to Plaintiff's serious medical need. *Id.* at 5. On January 2, 2025, the Court extended the summary judgment deadline to May 1, 2025. ECF No. 47. On April 8, 2025, the Court extended deadlines again to accommodate discovery issues and allowed the parties to file summary judgment motions on or before June 2, 2025. ECF No. 70. Now pending before the Court are Plaintiff's five recently filed motions: (1) motion for a temporary restraining order; (2) motion to appoint counsel; (3) motion for an extension of time; (4) motion to appoint counsel; and (5) motion to compel. ECF Nos. 73, 74, 75, 78, 79.

  First, the Court will deny Plaintiff's two motions to appoint counsel. The Court has previously denied three separate motions to appoint counsel

for Plaintiff. *See* ECF Nos. 34, 54, 61 66, 67. The Court will therefore not repeat its analysis because Plaintiff has not submitted any additional information to change the Court's prior ruling. Plaintiff indicates that he will be unable to focus at trial and will need the assistance of an attorney. It is unclear at this juncture whether a trial will be necessary in this case. The Court will consider a renewed motion to appoint counsel only *after* the summary judgment stage if the case proceeds to trial.

Second, the Court will deny Plaintiff's motion for a temporary restraining order. Plaintiff seeks an injunction against all Green Bay Correctional Institution ("GBCI") staff as well as a transfer to another prison. ECF No. 73. Plaintiff indicates that staff are refusing to give Plaintiff access to certain legal documents in this case. Plaintiff also indicates that he is concerned for his safety and that prison staff failed to give him proper medical treatment. *Id.*

Preliminary relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v.*

*Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Here, Plaintiff fails to carry the burden of persuasion that the drastic remedy of a temporary restraining order is appropriate in this instance. Plaintiff's request for relief is not narrowly drawn as required by the PLRA. Plaintiff generally alleges that all GBCI staff are treating him poorly and does not mention how the defendants in this case are involved. Further, Plaintiff has not made a showing that there is some likelihood of success on the merits of his claim. As such, the Court is obliged to deny Plaintiff's motion for a temporary restraining order.

Third, The Court will deny Plaintiff's motion to compel. Civil Local Rule 37 requires that all motions to compel disclosure or discovery pursuant to Federal Rules of Civil Procedure 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences. Civil L.R. 37. Plaintiff has failed to comply with this requirement. As such, the Court is obliged to deny Plaintiff's motion to compel discovery without prejudice. Plaintiff may renew his motion if/when he complies with the meet and confer requirement if the issue is not resolved. In the meantime, the Court strongly urges Defendants to work collaboratively with Plaintiff in order to work through any discovery issues. To the extent that counsel for Defendants has the ability to aid Plaintiff with viewing the video in question, the Court expects counsel to attempt to resolve this issue.

Finally, the Court will once again extend the summary judgment deadline because it appears that Plaintiff has had significant difficulty with access to discovery in this case. Defendants indicate that they recently re-sent Plaintiff courtesy copies of the materials Plaintiff had difficulty accessing. ECF No. 76. Defendants further indicate that Plaintiff having access to these documents prior to their summary judgment deadline would be important and that they therefore do not oppose an extension. *Id.* As such, and for good cause shown, the Court will grant Plaintiff's motion for an extension of time. Dispositive motions must be filed on or before **July 15, 2025**.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions to appoint counsel, ECF Nos. 74, 78, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order, ECF No. 73, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time, ECF No. 75, be and the same is hereby **GRANTED**; Dispositive motions must be filed on or before **July 15, 2025**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel, ECF No. 79, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge