UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAIVIONTAE TYRELL JOHNSON,

    Plaintiff,

v.

MEGAN LEBERAK, ANN YORK, ALLISON PACH, KATARYNA KRAINYK, and TONYA WESNER,

    Defendants.

Case No. 24-CV-149-JPS

**ORDER**

---

    Plaintiff, Daviontae Tyrell Johnson, a prisoner, brings this action under 42 U.S.C. § 1983 pro se. ECF No. 1. On April 3, 2024, pursuant to 28 U.S.C. § 1915A, the Court screened his complaint and identified which claims may proceed. ECF No. 9. Plaintiff proceeds on an Eighth Amendment claim against Defendants Leberak, York, Pach, Krainyk, and Wesner for their deliberate indifference to Plaintiff's serious medical need. *Id.* at 5. On January 2, 2025, the Court extended the summary judgment deadline to May 1, 2025. ECF No. 47. On April 8, 2025, the Court extended deadlines again to accommodate discovery issues and allowed the parties to file summary judgment motions on or before June 2, 2025. ECF No. 70. Now pending before the Court are the following numerous motions: (1) Plaintiff's motion for witness to be cross-examined; (2) Plaintiff's motion for reconsideration; (3) Plaintiff's second motion for reconsideration; (4) Plaintiff's motion to compel; (5) Plaintiff's second motion to compel; (6) Plaintiff's motion for an order for Defendants to provide color copies of exhibits, liberally construed as a third motion to compel; (7) Plaintiff's

motion to use release account to pay for DAI policy; (8) Plaintiff's motion for sanctions; (9) Plaintiff's motion for default judgment; (10) Plaintiff's motion for order for subpoena for Ms. LPN Hailey; (11) Plaintiff's motion for order for subpoena for Nurse Jodi Van Stippen; (12) Plaintiff's motion for order for subpoena for Surgeon LO Horace; (13) Plaintiff's third motion for reconsideration; (14) Plaintiff's motion to stay; (15) Plaintiff's motion for mediation; (16) Plaintiff's motion for deposition; (17) Plaintiff's motion for a status conference; (18) Defendants' motion for summary judgment; (19) Defendants' motion to accept Defendants' proposed statement of undisputed facts as true pursuant to this Court's procedures or in the alternative motion for relief from the Court's summary judgment procedure; and (20) Plaintiff's motion for use of pen and motion to send documents. ECF Nos. 82, 84, 85, 88, 90, 91, 94, 95, 96, 97, 98, 99, 100, 102, 110, 111, 112, 116, 120, 136. Given the number of pending motions, the Court will attempt to group the requests together to address all of the issues.

First, the Court addresses Plaintiff's discovery-related issues. Plaintiff asks the Court for certain witnesses to be called on Plaintiff's behalf. ECF No. 82. It is unclear what Plaintiff seeks in this motion. To the extent Plaintiff seeks witnesses to be called for trial, Plaintiff's request is premature because the Court must first address summary judgment issues before determining if the case will proceed to trial. To the extent Plaintiff sought to depose certain witnesses, the Court is generally not involved in the discovery process. Easch party seeks their own discovery as outlined in the Federal Rules of Civil Procedure, and oral and written depositions are governed by Federal Rules of Civil Procedure 33 and 34. As such, the Court will deny Plaintiff's motion for witnesses.

Similarly, the Court will deny without prejudice Plaintiff's motions to compel, ECF Nos. 88, 90, 91 (motion for color copies liberally construed as a motion to compel). Civil Local Rule 37 requires that all motions to compel disclosure or discovery pursuant to Federal Rules of Civil Procedure 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences. Civil L.R. 37. Plaintiff has failed to comply with this requirement. As such, the Court is obliged to deny Plaintiff's motions to compel discovery without prejudice.

The Court will also deny Plaintiff's motions for subpoenas and deposition, ECF Nos. 97, 98, 99, 111. The Court is not involved in the normal course of discovery to notice depositions. Under Federal Rule of Civil Procedure 45, a party may seek to compel a non-party for the production of documents, among other things, and for the inspection of premises. Fed. R. Civ. P. 45(c)(2). A person wishing to issue a subpoena must ask the Clerk of Court to provide him with a subpoena form; the Clerk of Court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3). The requesting party must then complete the form and make arrangements and pay for someone to serve the subpoena on the individual whom he wants to testify. Fed. R. Civ. Pro. 45(a)(3), (b). Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. Pro. 45(b)(1).

Plaintiff has not complied with this procedure, and the Court is therefore obliged to deny Plaintiff's motion for subpoenas and for a deposition.

Next, the Court addresses Plaintiff's motions for reconsideration. Plaintiff's first two motions, ECF Nos. 84, 85, are largely illegible. Plaintiff may be seeking reconsideration of the Court's previous denials of his motion to appoint counsel. Plaintiff's third motion for reconsideration, ECF No. 100, seeks reconsideration of the Court's prior decisions to not appoint counsel in this case. The Court has previously denied Plaintiff's five motions to appoint counsel, s*ee* ECF No. 81, and Plaintiff's motion does not add any new information to require reconsideration of its prior decision. As the Court previously stated, it will consider a renewed motion to appoint counsel only *after* the summary judgment stage if the case proceeds to trial. Thus, the Court will deny Plaintiff's motions for reconsideration.

Additionally, the Court will deny Plaintiff's motion for an order to use his inmate release account to pay for DAI policy, ECF No. 94. This Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee ("IPFF"). *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release

account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). As such, the Court will deny Plaintiff's motion to use his release account for litigation expenses.

Next, the Court will deny Plaintiff's motion for sanctions and motion for default judgment, ECF Nos. 95, 96. The Court does not find that Plaintiff has shown that Defendants lied about any statements at this juncture. Plaintiff avers that Pach knowingly lied under oath about the number of stool samples taken. ECF No. 95 at 1. While this *may* be true, Plaintiff's assertions alone, however, do not prove anything at this stage in the proceedings. Instead, they suggest only that disputed issues of fact may exist, and that summary judgment may not be appropriate. If this case proceeds to trial, credibility determinations will be made by the jury and not the Court. Plaintiff has not met his burden to show that sanctions are warranted at this juncture based on Defendants' statements.

Plaintiff also seeks default judgment based on Defendants' counsel "not making Green Bay Institution to provide DFLM for review." ECF No. 96 at 1. Plaintiff indicates that various videos he requested in discovery are not available for viewing. *Id.* at 2–3. Defendants, however, indicate, that Plaintiff's motion is the first time they have heard of any issue with the videos and that Plaintiff has not attempted to meet and confer on this issue as required by Civil Local Rule 37. The Court agrees this is a discovery issue that the parties must meet and confer on prior to seeking Court assistance. To the extent Plaintiff is unable to access videos produced in discovery, Plaintiff should contact defense counsel first for assistance. As such, the Court will therefore deny Plaintiff's motion for sanctions and motion for default judgment. However, the Court strongly urges counsel for defendants to proactively assist Plaintiff with gaining access to the videos in question to avoid future issues.

Next, the Court will deny Plaintiff's motion to stay the case, ECF No. 102, because a stay is not warranted. As discussed below, the Court is allowing the parties to renew motions for summary judgment with a new deadline. Therefore, no facts suggest that a stay is necessary at this time. Similarly, the Court will deny Plaintiff's motion for a status conference, ECF No. 112, for the same reason.

Further, the Court will deny Plaintiff's motion for mediation, ECF No. 110. The Court only refers cases to mediation before a magistrate judge if the parties *jointly* request mediation. They parties may jointly request mediation if they so choose.

Additionally, the Court will deny Plaintiff's motion for a pen and to send documents. ECF No. 136. Prison officials are given "wide-ranging deference in the adoption and execution of policies and practices that in

Page 6 of 9

Case 2:24-cv-00149-JPS  Filed 09/22/25  Page 6 of 9  Document 144

their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). While Plaintiff's handwriting is sometimes difficult to read, the Court has largely been able to understand his requests. As such, the Court will therefore deny Plaintiff's motion.

Lastly, the Court will grant Defendants' motion for relief from the Courts' summary judgment procedure. Defendants indicate that, despite diligent efforts and due to Plaintiff's obstruction, they were unable to file a joint statement of undisputed facts. ECF No. 120. Defendants provide an explanation of all their attempts to work with Plaintiff in an attempt to comply with the Court's requirements. *Id.* at 1–2. Rather than delay this matter further and incur additional expense, Defendants request that the Court either accept Defendants' proposed statement of facts as true or to excuse them from the Court's summary judgment procedure. *Id.* at 1 Defendants request to file a Proposed Statement of Facts, which Plaintiff can then respond to pursuant to the Eastern District of Wisconsin Local Rules. See Civil L.R. 56(b)(2)(B)(i). *Id.*

The Court agrees with Defendants that further delay and expense in this case makes little sense at this juncture. As such, the Court will grant Defendants' motion in the alternative and will excuse them from the Court's summary judgment procedure. Either party may refile summary judgment motions in accordance with the Federal Rules of Civil Procedure and Local Rules on or before **October 23, 2025**. In light of this ruling, the Court will deny Defendants' motion for summary judgment, ECF No. 116, without prejudice, in order to allow for the amended procedures.

Finally, the Court ends with a note of caution to Plaintiff in reference to his chosen litigation tactics. Defendants indicate that Plaintiff purports to

Page 7 of 9

Case 2:24-cv-00149-JPS    Filed 09/22/25    Page 7 of 9    Document 144

dispute nearly every single fact, without any evidentiary support. ECF No. 120 at 3. The Court warns Plaintiff that this litigation strategy is wholly unacceptable—particularly at the summary judgment stage. Federal Rule of Civil Procedure 56 provides that the Court may consider a fact undisputed for purposes of a motion if a party fails to properly address another party's assertion of fact. Fed. R. Civ. P. 56(e). Plaintiff should carefully review Rule 56 and Civil Local Rule 56 to adequately prepare any response to a summary judgment motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for witness to be cross-examined, ECF No. 82, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for reconsideration, ECF Nos. 84, 85, 100, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel, ECF No. 88, 90, 91, be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to use release account to pay for DAI policy, ECF No. 94, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions, ECF No. 95, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, ECF No. 96, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for order for subpoenas, ECF No. 97, 98, 99, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay, ECF No. 102, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for mediation, ECF No. 110, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for deposition, ECF No. 111, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for status conference, ECF No. 112, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion to accept Defendants' proposed statement of undisputed facts as true pursuant to this Court's procedures or in the alternative motion for relief from the Courts' summary judgment procedure, ECF No. 120, be and the same is hereby **GRANTED in the alternative**; Defendants are relieved from the Court's summary judgment procedure and either party may refile summary judgment in accordance with the Federal Rules of Civil Procedure and the Local Rules on or before **October 23, 2025**;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, ECF No. 116, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for a pen or to send documents, ECF No. 136, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge